SARA M. THORPE (SBN 146529)
sthorpe@gordonrees.com
ELIZABETH B. VANALEK (SBN 206709)
evanalek@gordonrees.com
GORDON & REES LLP
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA.<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE MUTUAL FIRE INS. CO.; NATIONWIDE MUTUAL INSURANCE CO.; FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendants. | CASE NO. '11CV0755 BEN RBB<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("NU") brings this Complaint for Declaratory Relief against Defendants NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and NATIONWIDE MUTUAL INSURANCE COMPANY (collectively, "Nationwide") and FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund") and alleges as follows:

**NATURE OF THE ACTION**

1. NU seeks a judicial declaration pursuant to 28 U.S.C. § 2201(a) that Nationwide has an obligation to indemnify Rubio's Restaurant, Inc. ("Rubio's") as an additional insured under the Nationwide primary policy no. 77PR664039-3003

and Nationwide umbrella policy no. 77-CU-664-039-3001 issued to Alfa International Seafood, Inc. ("Alfa") for the case filed in San Diego Superior Court by Timothy and Tracie Sayre, case no. 37-2009-0084537-CU-PL-CTL (the "Sayre Lawsuit") if judgment is entered against Rubio's and Alfa, and that Nationwide's obligation to indemnify Rubio's arises prior to any obligation to indemnify (if there is any such an obligation) under the policies issued to Rubio's by Fireman's Fund (primary policy no. MZX 80892937) and NU (umbrella policy no. BE7440227).

**PARTIES AND VENUE**

2. Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. is, and was at all times material to this action, a corporation domiciled in the state of Pennsylvania and with its principal place of business in the state of New York.

3. Upon information and belief, defendant Nationwide Mutual Fire Insurance Company is and was at all times material to this action, a corporation domiciled in the state of Ohio with its principal place of business in the state of Ohio.

4. Upon information and belief, defendant Nationwide Mutual Insurance Company is and was at all times material to this action, a corporation domiciled in the state of Ohio with its principal place of business in the state of Ohio. Upon information and belief, Nationwide Mutual Fire Insurance Company and Nationwide Mutual Insurance Company are affiliated companies.

5. Upon information and belief, defendant Fireman's Fund Insurance Company is and was all times material to this action, a corporation domiciled in the state of California with its principal place of business in the state of California.

6. This court has jurisdiction over this matter pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds the jurisdictional limits of this court.

7. Venue is proper because this dispute arises out of an event that

occurred in the Southern District of California and arises because of a lawsuit filed in San Diego County in the Southern District.

**THE UNDERLYING CLAIM**

8. Rubio's Restaurant, Inc. is a corporation domiciled in the state of Delaware with restaurants in many locations in the western states including San Diego, California.

9. On or about November 11, 2008, Timothy Sayre allegedly ate a fish burrito purchased from Rubio's which was made from mahi-mahi fish. As a result of Mr. Sayre's ingestion of the fish burrito, Mr. Sayre allegedly suffered severe neurological injuries which have necessitated medical care and may have caused him permanent or long lasting injury.

10. The mahi-mahi fish was allegedly supplied to Rubio's by Alfa.

11. Mr. Sayre and his wife filed a complaint against Rubio's in San Diego County Superior Court, case no. 37-2009-0084537-CU-PL-CTL on March 4, 2009, asserting one cause of action for products liability. The Sayres filed an amended complaint alleging that Alfa was the supplier of the mahi-mahi fish consumed by Mr. Sayre. The Sayres allege general damages, including loss of earning capacity and loss of consortium. The Sayres allege their damages exceed $7 million.

12. Rubio's cross-complained against Alfa on the grounds that Alfa supplied Rubio's with the mahi-mahi fish allegedly consumed by Mr. Sayre and therefore Alfa is liable for any damages suffered by the Sayres.

13. Upon information and belief, Alfa tendered the Sayre Lawsuit to its insurer, Nationwide. Upon information and belief, Nationwide is presently defending Alfa without a reservation of rights.

14. Rubio's tendered defense and indemnification of the Sayre Lawsuit to its primary insurer Fireman's Fund and its umbrella insurer NU.

15. Upon information and belief, Fireman's Fund is presently defending Rubio's against the Sayre Lawsuit.

16. Rubio's also tendered defense and indemnity of the Sayre Lawsuit to Nationwide on the basis that Rubio's is an additional insured under Alfa's primary and umbrella policies pursuant to a vendor's endorsement in those policies.

17. Upon information and belief, Nationwide denied coverage to Rubio's for the Sayre Lawsuit on the basis, *inter alia*, that Rubio's has not demonstrated that the mahi-mahi fish Mr. Sayre ate was supplied by Alfa and because the cause of Mr. Sayre's injuries has not been proven.

18. Upon information and belief, Nationwide does not dispute that Rubio's is an additional insured under the primary and umbrella policies Nationwide issued to Alfa.

**RUBIO'S INSURANCE POLICIES**

19. Rubio's was issued Fireman's Fund Primary General Liability Policy, no. MZX 80892937, for the policy period July 21, 2008 to July 21, 2009 ("Fireman's Fund's Policy").

20. The Fireman's Fund Policy contains the following provisions as well as others that may apply to this claim. The Fireman's Fund Policy provides that:

> 1. **Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. . ..

21. Under the conditions section, the Fireman's Fund Policy contains an "Other Insurance" provision, which provides:

> 4. **Other Insurance**
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> a. Primary Insurance
>
> This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other

insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.

b. Excess Insurance

(1) This insurance is excess over:

. . .

(b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

. . .

(3) When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(a) The total amount that all such other insurance would pay for the loss in the absence of this insurance. . ..

22. Rubio's also was issued National Union Commercial Umbrella Liability Policy, no. BE7440227, for the policy period July 21, 2008 to July 21, 2009 ("NU Umbrella Policy"). The Schedule of Underlying Insurance in the NU Umbrella Policy lists that the underlying general liability policy is the Fireman's Fund Policy.

23. The NU Umbrella Policy contains the following provisions and others that may apply to this claim. The NU Umbrella Policy provides that:

I. **INSURING AGREEMENT – COMMERCIAL UMBRELLA LIABILITY**

A. We will pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** to which this insurance applies or because of **Bodily Injury** or **Property Damage** to which this insurance applies assumed by the **Insured** under an **Insured Contract**.

. . .

B. This policy applies, only if:

1. the **Bodily Injury** or **Property Damage** is caused by an **Occurrence** that takes place anywhere, and the **Bodily Injury** or **Property Damage** occurs during the **Policy Period**; . . ..

24. Exclusions in the NU Umbrella Policy are amended by Endorsement 11, the "Bacteria Exclusion Endorsement" which provides that:

This insurance does not apply to:

**Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** or any other loss, injury, damage, cost or expense, including, but not limited to, losses, costs or expenses related to, arising from or associated with clean-up, remediation, containment, removal or abatement, caused directly or indirectly, in whole or in part, by bacteria.

This exclusion applies regardless of any other cause, event, material, product and/or building component that contributed concurrently or in any sequence to that loss, injury, damage, cost or expense.

25. Exclusions in the NU Umbrella Policy are also amended by Endorsement 6, which provides that:

This insurance does not apply to Commercial General Liability.

However, if insurance for Commercial General Liability is provided by a policy listed in **Scheduled Underlying Insurance**:

1. This exclusion shall not apply; and

2. Coverage under this policy will follow the terms, definitions, conditions, and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

26. Under "Limits of Insurance," the NU Umbrella Policy provides:

M. We will not make any payment under this policy unless and until:

1. The total applicable limits of the **Scheduled Underlying Insurance** have been exhausted by the payment of **Loss** to which this policy applies and any applicable, **Other**

**Insurance** have been exhausted by the payment of **Loss** . . .

. . .

27. The NU Umbrella Policy further provides that:

L. **Other Insurance**

If other valid and collectible insurance applies to damages that are also covered by this policy, this policy will apply excess of the **Other Insurance**. However, this provision will not apply if the **Other Insurance** is specifically written to be excess of this policy.

28. The NU Umbrella Policy defines "Scheduled Underlying Insurance" as follows:

1. the policy or policies of insurance and limits of insurance shown in the Schedule of Underlying Insurance forming a part of this policy

. . .

**Scheduled Underlying Insurance** does not include a policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

29. The NU Umbrella Policy defines "Other Insurance" as:

**Other Insurance** means a valid and collectible policy of insurance providing coverage for damages covered in whole or in part by this policy.

However, **Other Insurance** does not include **Scheduled Underlying Insurance**, the **Self-Insured Retention**, or any policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

## ALFA'S INSURANCE POLICIES

30. Alfa was issued a primary Blanket Protector Commercial General Liability policy, no. 77PR664039-3003 by Nationwide Mutual Fire Insurance Company for the policy period July 14, 2008 to July 14, 2009 ("Nationwide Primary Policy").

31. The Nationwide Primary Policy contains the following provisions as well as others that may apply to this claim. The Nationwide Primary Policy provides:

1. **Insuring Agreement**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those damages. . .

32. The Nationwide Primary Policy contains an "Additional Insured – Vendors" Endorsement, form CG 20 15 07 04, which has a Schedule listing "Rubio's Restaurant Inc. DBA Rubios Fresh Mexican Grill" as an additional insured, and "Fish and Seafood" as "Your Product," and provides:

> A. **SECTION II – Who is An Insured** is amended to include as an additional insured any person(s) or organization(s) (referred to below as vendor) shown in the Schedule, but only with respect to "bodily injury" or "property damage" arising out of "your products" shown in the Schedule which are distributed or sold in the regular course of the vendor's business, subject to the following additional exclusions. . .

33. None of the exclusions under the "Additional Insured – Vendors" endorsement are applicable to the Sayres' claims.

34. No exclusion in the Nationwide Primary Policy, including the Fungi or Bacteria exclusion by endorsement form CG 21 67 12 04, is applicable to the Sayres' claims.

35. Under the conditions section, the Nationwide Primary Policy contains an "Other Insurance" provision which provides that:

> 4. **Other Insurance**
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> a. **Primary Insurance**
>
> This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.
>
> . . .

36. Alfa also was issued a commercial umbrella policy from Nationwide Mutual Insurance Company, no. 77-CU-664-039-3001, for the policy period July

14, 2008 to July 14, 2009 ("Nationwide Umbrella Policy"). The Schedule of Underlying Insurance lists the underlying insurance as the Nationwide Primary Policy.

37. The Nationwide Umbrella Policy contains the following provisions as well as others that may apply to this claim. The Nationwide Umbrella Policy provides:

> I. COVERAGE
>
> We will pay on behalf of the insured the ultimate net loss in excess of the underlying limit or the retained limit, whichever is greater, because of bodily injury, property damage, personal injury or advertising injury to which this policy applies caused by an occurrence, except that in a jurisdiction where we may be prevented by law or otherwise from carrying out this agreement that we will pay on behalf of the insured, we will indemnify the insured in accordance with this agreement.

38. The Nationwide Umbrella Policy also defines under the "Section V - Persons Insured" provision, that an insured includes:

> F. Anyone else who is an insured under any policy of underlying insurance but only to the extent insurance is provided by that policy and subject to all its limitations, other than the limits of that insurance.

39. The Nationwide Umbrella Policy defines "insured" as "any person or organization qualifying as an insured in Item V. . . "

40. The Nationwide Umbrella Policy further provides:

> G. **Other Insurance**
>
> The insurance provided by [t]his policy is excess over any other collectible insurance, whether listed on the Declarations or not. This does not apply to insurance written as excess to our limit of insurance.

41. No exclusion in the Nationwide Umbrella Policy is applicable to the Sayres' claims.

## FIRST CAUSE OF ACTION

**Declaratory Relief**

**(Priority of Coverage/Nationwide Owes Duty to Indemnify Prior to any Duty to Indemnify (if any) Under Fireman's Fund or NU Policies)**

42. NU hereby realleges and incorporates by reference paragraphs 1

through 41, inclusive, as though set forth in full here.

43. Rubio's requested that Fireman's Fund, NU, and Nationwide indemnify it against the Sayre Lawsuit.

44. Nationwide contends it has no duty to indemnify Rubio's under the Nationwide Primary Policy or Nationwide Umbrella Policy on the basis (but not necessarily limited to) that Rubio's has not shown Mr. Sayre's injuries were caused by Alfa's products.

45. Alfa allegedly supplied the fish in the burrito that Mr. Sayre consumed. The fish is the alleged cause of Mr. Sayre's injuries, damages, and losses. If Alfa and Rubio are found liable to the Sayres, they may be adjudged liable to pay damages to the Sayres. Those damages are covered by the Nationwide Primary Policy and Nationwide Umbrella Policy.

46. Nationwide owes a duty to indemnify Rubio's for the Sayre Lawsuit.

47. The Nationwide Primary Policy and Nationwide Umbrella Policy have a duty to indemnify before there is any duty to indemnify under the Fireman's Fund Policy and the NU Umbrella Policy (if there is any duty to indemnify under the NU Umbrella Policy).

48. The Fireman's Fund Policy provides that it is excess insurance over other primary insurance available to Rubio's for liability for damages arising out of products for which Rubio's has been added as an additional insured by endorsement. The Nationwide Primary Policy is "other primary insurance" available to Rubio's because Rubio's has been expressly added as an additional insured to the Nationwide Primary Policy by the "Additional Insured – Vendors" Endorsement. Thus, Nationwide's indemnity obligations under the Nationwide Primary Policy apply first. The Nationwide Umbrella Policy also provides that anyone who is an insured under the Nationwide Primary Policy qualifies as an insured under the Nationwide Umbrella Policy making Rubio's an insured under the Nationwide Umbrella Policy as well.

49. An actual controversy has arisen and now exists between the parties with respect to the priority of indemnity obligations owed to Rubio's with respect to the Sayre Lawsuit. Rubio's is entitled to indemnification from Nationwide before there is any duty to indemnify under the Fireman's Fund Policy and the NU Policy (if there is any duty to indemnify under the NU Policy).

50. NU seeks a judicial declaration of the respective rights and duties of the parties under their respective policies, including a declaration that Nationwide has a duty to indemnify Rubio's against the Sayre Lawsuit up to the limits of the Nationwide Primary Policy and Nationwide Umbrella Policy before there is any duty to indemnify under the Fireman's Fund Policy and the NU Policy (if there is any duty to indemnify under the NU Policy).

**PRAYER**

WHEREFORE, NU prays for judgment against Nationwide, as follows:

1. For a judicial declaration that Nationwide has a duty to indemnify Rubio's against the Sayre Lawsuit, and that Nationwide's duty to indemnify up to the policy limits of the Nationwide Primary Policy and Nationwide Umbrella Policy arises before there is any duty to indemnify under the Fireman's Fund Policy and the NU Policy (if there is any duty to indemnify under the NU Policy);

2. For costs of suit; and

3. For such other and further relief as the Court deems just and proper.

Dated: April 11, 2011 GORDON & REES LLP

By: */s/ Sara M. Thorpe*____________________
Sara M. Thorpe
Elizabeth B. Vanalek
Attorneys for Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

National Union Fire Insurance Company of Pittsburgh, Pa.

(b) County of Residence of First Listed Plaintiff: Pennsylvania
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Gordon & Rees LLP, 275 Battery Street, 20th Floor, San Francisco, CA 94111, (415) 986-5900

## DEFENDANTS

Nationwide Mutual Fire Ins. Co., Nationwide Mutual Ins. Co., Fireman's Fund Insurance Co.

County of Residence of First Listed Defendant: Franklin City, Ohio
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'11 CV0755 BEN RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 U.S.C. Sec. 1332; 28 U.S.C. Sec. 2201 (a)

Brief description of cause: Action for relief to determine indemnity obligations under insurance contracts.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE Irma E. Gonzalez DOCKET NUMBER 11-cv-00114 IEG (POR)

DATE 4/11/11 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______